**No. 19-3576**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**DANIEL LEWIS LEE,**
**Petitioner,**

**vs.**

**UNITED STATES,**
**Respondent.**

## REPLY TO RESPONSE IN OPPOSITION TO
## MOTION FOR LEAVE FOR AUTHORIZATION TO FILE A
## SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

## THIS IS A CAPITAL CASE

AMY GERSHENFELD DONNELLA
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 641-6103
Amy_Donnella@fd.org

GEORGE G. KOUROS
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

Counsel for Daniel Lewis Lee

The claim Mr. Lee has alleged and supported in his motion for authorization is straightforward. The Government withheld evidence which undermines two predicates necessary to find Mr. Lee guilty of VICAR murder: proof that the APR did not exist *at the time* of the Mueller murders; and alternatively, even if it did, the *enterprise* did not agree to pay Mr. Lee to kill the Muellers. Mr. Lee's allegations, supported by the recent declarations from Cheyne and Kirby Kehoe, make out the prima facie case necessary to obtain authorization to file a second § 2255 motion.

Notably, *the Government does not deny it withheld this favorable information from the defense*.

Nor does the Government rebut Mr. Lee's allegations that: (1) the APR came into existence, if at all,[1] months after the Mueller murders, and (2) the APR (*i.e.*, someone other than Chevie Kehoe, acting in his personal capacity) never agreed to pay Mr. Lee to commit the Mueller murders.

Instead, the Government claims that Mr. Lee failed to meet the legal standard for authorization and did not act with due diligence. *See* Government Response ("GR") at 14-17. The Government is incorrect on both counts.

---

[1] The Government is conspicuously silent about the fact that years after Mr. Lee's trial, one of its own AUSAs admitted that the APR "was not a specific organized group, but it was a fledgling." A082 at 18.

Appellate Case: 19-3576    Page: 2    Date Filed: 12/12/2019 Entry ID: 4861229

**A. The Government misstates the relevant legal standard.**

The Government argues that Mr. Lee's motion for authorization should be denied because he has not proved his claim by clear and convincing evidence. GR at 14. But that is not the correct legal standard. At this stage, Mr. Lee must only make a prima facie showing of possible merit to warrant fuller exploration in the district court. *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015). This means "simply sufficient allegations of fact together with some documentation…" *In re Lott*, 366 F.3d 432 (6th Cir. 2004). This is intentionally "not a difficult standard," *id.* at 433, because this Court's gate-keeping role at this stage is "under a tight deadline" and relies only on abbreviated pleadings. *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997), adopted by this Court in *Johnson v. United States,* 720 F.3d 720, 720 (8th Cir. 2013) (*per curiam*).

This "tight deadline" for authorization dictates a "lenient prima facie standard," *Lott*, 366 F.3d at 433, in part, to prevent flawed decision-making. With such a short time-frame, it would be challenging for a court to make the careful factual determinations these cases require and deserve without introducing errors and misstatements. Indeed, the Government's response invites precisely such errors. For example, it states that "Kehoe recruited Lee into the APR in 1995. *Lee*, 374 F.3d at 641." GR at 6. But its citation to this Court's opinion in *United States v. Lee*, 374 F.3d 637, 641 (8th Cir. 2004) is misleading. This Court never stated

2

that Mr. Lee was recruited into the APR in 1995, but rather: "Lee met Kehoe in 1995, and Kehoe recruited Lee into the APR." Indeed, there was no evidence at trial that supports the Government's claim that Mr. Lee was recruited into the APR in 1995. Given the temporal nature of the claim Mr. Lee is making—*i.e.*, that the APR only came into existence *after* the Mueller murders in 1996—Respondent's misstatement is highly problematic.

Respondent also asserts that "Cheyne acknowledges that his affidavit is inconsistent with his testimony at Lee's trial." GR at 11. This is incorrect. Cheyne made no such acknowledgment. In fact, his affidavit is not inconsistent with his trial testimony. Without the full record and more complete briefing, however, this Court cannot make such determinations. The district court, tasked with a fuller exploration, can examine the previous record in detail and resolve the facts in controversy.

Finally, the Government states that Kirby and Cheyne Kehoe's declarations are merely "lay views" and have to be evaluated in context of the evidence as a whole and their criminal histories. This, also, highlights the need for fuller exploration in the district court. This case was not a typical RICO prosecution. Even by the Government's own narrative, the APR had only two or three members prior to the capital murders. Thus, the declarant's lay views and criminal histories are indeed crucial to resolving the issues in this case because absent common

3

Appellate Case: 19-3576    Page: 4    Date Filed: 12/12/2019 Entry ID: 4861229

purpose in the association and during prior crimes, a jury would have found no enterprise. And regardless of their lay views as to whether an "enterprise" existed, the views expressed by Kirby and Cheyne, that Chevie committed crimes of opportunity designed to line his own pockets, would have been probative evidence to a jury charged with deciding whether an enterprise existed. These are heavily fact-specific arguments that warrant fuller exploration. Because Mr. Lee has pled sufficient allegations together with supporting documentation, additional analysis is required in the district court.[2]

Although Respondent claims this Court must make credibility assessments and review the evidence as a whole at this stage, GR at 13, the case it cites for that proposition says no such thing. Indeed, in *United States v. MacDonald,* 641 F.3d 596 (4th Cir. 2011), the case was in a different procedural posture; the circuit court was reviewing the district court's decision *after* the successor application had already been authorized and remanded to the district court for fuller adjudication. The circuit court was only able to make credibility assessments and review the evidence as a whole because it now had a full record before it developed by the district court. The Fourth Circuit, in fact, specifically noted that its initial

---

[2] Respondent consistently claims that Mr. Lee must prove "innocence." GR at 3, 10, 13, 14,16. This is incorrect. Mr. Lee is not required to prove his innocence; he is required to make a prima facie showing that reasonable factfinders would have found him not guilty (i.e. a finding of a reasonable doubt). *See*, *e.g.*, *Case v. Hatch*, 731 F.3d 1015, 1032 (10th Cir. 2013).

4

Appellate Case: 19-3576     Page: 5     Date Filed: 12/12/2019 Entry ID: 4861229

authorization had been preliminary, explaining that, "based on [its] determination that the § 2255 motion made '*a prima facie showing*' of the requirements for a successive motion," *id*. at 603-04, it had "left it to the district court to conduct a more searching assessment of whether that motion satisfied the successive motion standard. *See [United States v.] Winestock*, 340 F.3d [200] at 205 [(4th Cir. 2003)] ('When the application is thereafter submitted to the district court, that court must examine each claim and dismiss those that are barred under §2244(b) or § 2255[(h)].')." *Id*. at 604-05.

This Circuit is in accord. In *Nooner v. Hobbs*, 689 F.3d 921, 927 (8th Cir. 2012), the movant sought authorization for several claims, including a *Brady* violation.[3] This Court granted preliminary authorization and left to the district court the "fuller exploration" of Mr. Nooner's claims. The district court, in turn, after allowing fact development concluded that Mr. Nooner did not meet the gateway provisions required of successive applications and denied relief. *Id.* at 924. *Nooner* thus demonstrates that a petitioner need not prove he will ultimately prevail in order to satisfy the prima facie standard.

---

[3] Notably, one of Nooner's claims was based on the recantation of a prosecution witness. *Id.* at 923. This Court authorized the claim despite the fact that these witnesses had presumably given contradictory "previous sworn admissions." GR at 15.

5

Appellate Case: 19-3576    Page: 6    Date Filed: 12/12/2019 Entry ID: 4861229

**B. The Government's allegations about diligence are incorrect.**

Respondent argues that Mr. Lee failed to prove his diligence citing *Herrera-Gomez v. United States*, 755 F.3d 142 (2d Cir. 2014). This argument is spurious for several reasons. First, it is not clear that Mr. Lee need even make a showing of diligence. In successive § 2555 applications, unlike § 2254 cases, the statute imposes no such requirement. *Compare* § 2255(h)(1) *and* § 2244(B)(2)(b)(i). Although the case the Government cites has grafted a due diligence element to the statute, other circuits disagree. *See In re McDonald,* 514 F.3d 539, 542-43 (6th Cir. 2008); *United States v. Lopez,* 577 F.3d 1053, 1061 & n.6 (9th Cir. 2009). Still others, this Circuit among them, have not yet resolved the issue. *See e.g. In re Barrett*, 840 F.3d 1223, 1228 (10th Cir. 2016) (assuming without deciding no diligence requirement); *United States v. Macdonald*, 641 F.3d 596, n.9 (4th Cir. 2011) (noting "it is an open issue in this Circuit—one we need not resolve today…").

Regardless, Respondent's reliance on *Herrera-Gomez* is misplaced. The new evidence Herrera-Gomez claimed to find was that a DWI statute under which he had pleaded guilty had actually contained a more lenient standard for blood alcohol levels than he realized at the time of his plea. The Second Circuit determined that, under these very specific circumstances, where Herrera-Gomez was represented by counsel at every stage of the proceedings, he could not claim that ignorance of the

6

law constituted new information. *Id.* at 148. This has little bearing on Mr. Lee's case.

The Government suggests that Mr. Lee was not diligent because it has been a long time since his trial and both Cheyne and Chevie Kehoe "were in prison for large portions of that period and therefore were easy to find." GR at 17. Even if this Court decided to write a diligence requirement into the § 2255 statute, Mr. Lee would satisfy it. Both Kehoes were cooperating prosecution witnesses who received substantial benefits from the Government. The fact that they only now chose to reveal to Mr. Lee what they had told the Government years ago does not indicate that the evidence was previously available. *See McDonald,* 514 F.3d at 545 ("Harris only recanted her trial testimony in an affidavit dated [more than two years after the habeas proceedings]. As a result, the evidence presented now by McDonald could not have been previously discovered for the purposes of § 2244(b).").

Moreover, the Supreme Court has explicitly held that a defendant is entitled to rely upon on the word of the prosecution where—as here—there have been numerous assurances that all exculpatory evidence has been disclosed. *Strickler v. Greene,* 527 U.S. 263, 284 (1999). Now that it has finally come to light that these prior representations were not true, the Government claims that counsel's reliance on its assurances demonstrates a lack of "diligence." Such a position is plainly

7

Appellate Case: 19-3576    Page: 8    Date Filed: 12/12/2019 Entry ID: 4861229

contrary to the law. *See Banks v. Dretke*, 540 U.S. 668, 696 (2004) ("A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process."). *See also Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 291 (3d Cir. 2016) ("[T]he concept of 'due diligence' plays no role in the *Brady* analysis."); *Amado v. Gonzalez*, 758 F.3d 1119, 1136-37 (9th Cir. 2014) (finding that the due diligence rule "is contrary to federal law as clearly established by the Supreme Court ... and unsound public policy."); *United States v. Tavera*, 719 F.3d 705, 711 (6th Cir. 2013) ("This 'due diligence' defense places the burden of discovering exculpatory information on the defendant and releases the prosecutor from the duty of disclosure. It relieves the government of its *Brady* obligations. In its latest case on the issue [*Banks v. Dretke*, 540 U.S. 668 (2004)], however, the Supreme Court rebuked the Court of Appeals [for the Fifth Circuit] for relying on such a due diligence requirement to undermine the *Brady* rule . . . . [T]he clear holding in *Banks* should have ended that practice."). The Government's misconduct—*which it does not even dispute*—should not be rewarded.

For the foregoing reasons and the reasons asserted in his Motion for Authorization, Daniel Lee asks this Court to authorize the filing of his successive § 2255 Motion.

8

Respectfully submitted this 12th day of December, 2019.

/s/ *Amy Gershenfeld Donnella*
AMY GERSHENFELD DONNELLA
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 641-6103
Amy_Donnella@fd.org

/s/ *George G. Kouros*
GEORGE G. KOUROS
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

Counsel for Daniel Lewis Lee

Appellate Case: 19-3576     Page: 10     Date Filed: 12/12/2019 Entry ID: 4861229

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

1.  This document complies with the word limit of Fed. R. App. P. 27(d)(2)(c) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,955 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font size and Times New Roman type style.

/s/ *George G. Kouros*
GEORGE G. KOUROS
Bar # 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org

Appellate Case: 19-3576    Page: 11    Date Filed: 12/12/2019 Entry ID: 4861229

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on December 12, 2019. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *George G. Kouros*
GEORGE G. KOUROS
Bar # 420813 (CT)
Attorney for Daniel Lee
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 821-0855
Email: George_Kouros@fd.org

11

Appellate Case: 19-3576    Page: 12    Date Filed: 12/12/2019 Entry ID: 4861229