# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

No: 19-3576
_____

Daniel Lewis Lee

Petitioner

v.

United States of America

Respondent

_____

Appeal from U.S. District Court for the Eastern District of Arkansas - Little Rock
_____

## JUDGMENT

Before COLLOTON, KELLY and ERICKSON, Circuit Judges.

Lee's motion for authorization to file a successive motion under 28 U.S.C. § 2255 has been considered by the court and is denied.

KELLY, Circuit Judge, dissenting.

Lee seeks leave to file a successive motion to vacate his conviction under 28 U.S.C. § 2255(h)(1) based on an alleged Brady violation. At trial, the government argued Lee had committed his crimes as part of an enterprise in violation of the Violent Crimes in Aid of Racketeering Act, 18 U.S.C. § 1959. Lee's newly discovered evidence indicates that a key government witness now describes the nature of the enterprise differently than he did at trial. Standing alone, this might seem insufficient to warrant a finding that Lee has made a prima facie showing that "newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder could have found [him] guilty of the [underlying] offense." 28 U.S.C. § 2255(h)(1). But Lee also alleges that this witness, along with another alleged participant, told law enforcement officers during the investigation of this case the same information they now provide in their affidavits. Lee argues this is a Brady violation, as the government withheld exculpatory evidence on a key element of the offense.

The government does not respond to this allegation in its Response to Lee's motion for leave.  In my view, if this information was available at the time of trial and withheld from Lee, the witnesses' affidavits carry significantly more weight.  We also must be cognizant that this is a case in which the government sought, and the jury returned, a sentence of death.  For these reasons, and based on the parties' filings, I conclude Lee has met his burden of making a prima facie case that warrants "a fuller exploration in the district court."  Johnson v. United States, 720 F.3d 720, 720–21 (8th Cir. 2013) (emphasizing that a decision in favor of the movant is "tentative" because "the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion").  I would grant the motion for authorization.

January 07, 2020

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____

/s/ Michael E. Gans